UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE MARTINKO, et al.,

      Plaintiffs,                         Civil Action No. 20-CV-10931

vs.                                     HON. BERNARD A. FRIEDMAN

GRETCHEN WHITMER,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is presently before the Court on defendant's motion to dismiss [docket entry 13].  Plaintiffs have filed a response in opposition.  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.  As the Court is granting defendant's motion, there is no need for defendant to file a reply.

Plaintiffs are Steve Martinko; Martinko's landscaping company, Contender's Tree and Lawn Specialists, Inc.; and Michael and Wendy Lackomar.[1]  They are suing Gretchen Whitmer, the current governor of the State of Michigan, regarding two temporary, emergency Executive Orders ("EO") she issued in March and April 2020 in response to the coronavirus pandemic that has affected, and continues to affect, the state, the country, and the entire world. Specifically, plaintiffs complain that EO 2020-21 and EO 2020-42, which imposed certain travel and business restrictions with widespread application throughout the State of Michigan, deprived them of business income and interfered with their right, as to Martinko, to travel

_____

[1] A fifth plaintiff, Jerry Frost, has voluntarily dismissed the complaint.  He alleged that the executive orders at issue in this case violated his rights because they prevented him from traveling to visit his girlfriend.

between his residence and his business, and, as to the Lackomars, to travel between their primary residence and their cottage.

In Count I, plaintiffs claim that EO 2020-21 and EO 2020-42 constituted a regulatory "taking" of their property without compensation in violation of their  Fifth Amendment rights.  In Counts II and III, they couch the same allegations as substantive due process claims, in violation of their Fourteenth Amendment rights.  Plaintiffs seek the following relief:

> a. Issuing a Temporary Restraining Order enjoining Defendant from enforcing Executive Orders 2020-21 and 2020-42 as a violation of Plaintiffs' fundamental rights under the First, Fifth and Fourteenth Amendments;
>
> b. A declaratory judgment that issuance and enforcement of Executive Orders 2020-21 and 2020-42 [i]s an unconstitutional violation of Plaintiffs['] substantive due process rights under the First and Fourteenth Amendment[s];
>
> c. Compensatory damages adequate to justly compensate Plaintiffs for the regulatory taking of their Physical Location and Tangible Property;
>
> d. Compensatory damages adequate to satisfy Plaintiffs in the amount owed for Defendants' [sic] violations of the Due Process Clause of the Fourteenth Amendment;
>
> e. Punitive damages;
>
> f. A declaratory judgment that issuance and enforcement of Executive Orders 2020-21 and 2020-42 [i]s an  unconstitutional taking without just compensation, under the Fifth and Fourteenth Amendment[s];
>
> g. A declaratory judgment that issuance and enforcement of Executive Orders 2020-21 and 2020-42 [i]s an unconstitutional violation of Plaintiffs['] substantive due process rights under the First and Fourteenth Amendment[s];

> h. A permanent injunction to prohibit Defendant[] from enforcing the Executive Orders 2020-21 and 2020-42;
>
> i. An award of  costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988; and
>
> j. Such other and further relief as this Court deems appropriate.

Compl. at 20-21.

Defendant correctly argues that plaintiffs' complaint must be dismissed because this suit is barred by the Eleventh Amendment.  A suit against Michigan's governor in her official capacity is a suit against the state itself, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)), and the Eleventh Amendment bars suits by citizens against a state in federal court.  As the Supreme Court has explained,

> we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment. *See, e.g., Cory v. White*, 457 U.S. 85, 90, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought"). . . . The Eleventh Amendment does not exist solely in order to "preven[t] federal-court judgments that must be paid out of a State's treasury," *Hess v. Port Authority Trans–Hudson Corporation*, 513 U.S. 30, 48, 115 S.Ct. 394, 404, 130 L.Ed.2d 245 (1994); it also serves to avoid "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties," *Puerto Rico Aqueduct and Sewer Authority*, 506 U.S., at 146, 113 S.Ct., at 689 (internal quotation marks omitted).

*Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996).  *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (reiterating that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state" and

that "[t]his jurisdictional bar applies regardless of the nature of the relief sought").[2]  An exception to Eleventh Amendment immunity is recognized when a plaintiff seeks "prospective injunctive relief to prevent a continuing violation of federal law."  *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)).  *See also Pennhurst*, 465 U.S. at 103.  However, this exception does not apply to "claims for retrospective relief," including claims for injunctive relief concerning statutes that have become moot by amendment.  *Green*, 474 U.S. at 68-69.

In the present case, defendant notes that the executive orders plaintiffs challenge have been rescinded and that the restrictions that are the basis of this lawsuit no longer exist. Plaintiffs themselves concede that EO 2020-21, issued on March 24, 2020, was "revoked and replaced" by EO 2020-42 on April 9.  *See* Compl. ¶¶ 17-18.  Plaintiffs further concede that EO 2020-59 "rescinded 2020-42 and removed the ban on landscapers working and lifted the ban on traveling to second homes within Michigan," Pls.' Resp. Br. at 2, and that "there is no longer a direct restriction on Plaintiffs using or accessing their property."  *Id.* at 8.  The Court takes judicial notice of the fact that the governor has recently lifted the stay-at-home order and that most businesses may now operate normally.  *See* EO 2020-110, dated June 1, 2020.  Plaintiffs'

---

[2] The fact that plaintiffs claim that defendant has taken their property without compensation does not change the Eleventh Amendment analysis.  Plaintiffs cite *Knick v. Twp. of Scott, Pa.*, 139 S. Ct. 2162 (2019), for the proposition that they may bring a § 1983 action as soon as government action "takes" their property.  But the defendant in that case was a Pennsylvania township that issued an ordinance plaintiff claimed took her property without compensation, and the Court, in summarizing its holding, stated that "[a] property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation *by a local government*."  *Id.* at 2179 (emphasis added).  Plaintiffs in the present case cite no authority suggesting that a *state* is not entitled to Eleventh Amendment immunity as to a Fifth Amendment takings claim asserted in federal court.

assertion that "there is a good chance that these restrictions will come back," Pls.' Resp. Br. at 8, is pure speculation and does not suffice to avoid the conclusion that their request for prospective injunctive and declaratory relief is moot.

In short, plaintiffs are not entitled to damages or restrospective injunctive or declaratory relief because defendant enjoys Eleventh Amendment immunity. And they are not entitled to prospective injunctive or declaratory relief because the executive orders that underlie their complaint have been rescinded. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 5, 2020
Detroit, Michigan

5